IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LA CORA GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  2:13cv927WKW-WC |
| | ) |
| FOOD GIANTS SUPERMARKET, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

RECOMMENDATION OF THE MAGISTRTATE JUDGE

Plaintiff filed this Complaint pursuant to Title VII of the Civil Rights Act of 1964, alleging harassment and retaliation.  While conducting this court's mandated review pursuant to pursuant to 28 U.S.C. § 1915, the court determined that all of the individual defendants named in the complaint appeared to be improperly named as defendants, as "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the act."  *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).  Thus, the court made Plaintiff aware of the issue and asked her to show cause as to why the individual defendants should not be dismissed.  Plaintiff filed a Response (Doc. 8) to the show cause, which was unresponsive to the issue of whether the individual defendants were proper parties to this suit.

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the individual defendants named in this action be DISMISSED as improper parties under this Title VII action, and this case be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **March 24, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of March, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE